IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JERREMY RAY | § | |
| v. | § | CIVIL ACTION NO. 5:15cv141 |
| BRAD LIVINGSTON, ET AL. | § | |

<u>MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DISMISSING DEFENDANTS HARRISON, LIVINGSTON, AND MERCHANT</u>

The Plaintiff Jerremy Ray, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. This Order concerns the Magistrate Judge's Initial Report discussing Plaintiff's claims against Warden Dawn Merchant as well as the motions to dismiss filed by the Defendants Captain Jacob Harrison and TDCJ Director Brad Livingston.

**I. Background**

Plaintiff's amended complaint asserts he was improperly excluded from five disciplinary hearings, resulting in the loss of good time and classification status. These disciplinary cases also went on his record, which affected his parole review.

Plaintiff stated Warden Merchant was the overseeing official on the unit but showed deliberate indifference by not taking control of the situation and taking action to provide justice. She violated his due process rights by agreeing to his placement in administrative segregation which stopped his educational classes and agreed with the finding of guilt by the disciplinary captain.

1

According to Plaintiff, Brad Livingston is the executive director of TDCJ but refused to take corrective action after these problems were brought to his attention. Plaintiff asserts Livingston is responsible for the actions and wrongdoing of his officers. Plaintiff explains he is suing Livingston solely in his official capacity. The only allegation originally made by Plaintiff against Captain Harrison reads "civil rights - retaliation." In later pleadings, Plaintiff states Harrison charged him with the disciplinary offense of making a false statement during an official investigation. He was convicted on this charge and received punishments of 15 days of cell and recreation restriction, 45 days of commissary restrictions, reduction in classification status from Line Class II to Line Class III, and the loss of 15 days of good time credits. Plaintiff did not allege and his documentary evidence did not show he was excluded from the hearing in this case.

## II. The Magistrate Judge's Report and the Parties' Objections

After review of the pleadings, including the motions to dismiss filed by Harrison and Livingston as well as Plaintiff's responses to these motions, the Magistrate Judge issued a Report recommending the claims against Harrison, Livingston, and Merchant be dismissed.

In his objections, Plaintiff argues Warden Merchant is personally involved because by signing off on his grievances, she was made aware of all of the situations, but showed deliberate indifference through her failure to act. This objection lacks merit because Plaintiff does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction, meaning there is no violation of due process when prison officials fail to do so. Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005).

Plaintiff next states he made several repeated attempts to contact Livingston, but Livingston refused to respond or take any action to correct the unconstitutional actions being taken. Plaintiff states Livingston is supposed to take action in his official capacity when a situation cannot be handled at the unit level or through the grievance procedure. Livingston's failure to take the action Plaintiff believed appropriate is not a constitutional violation. Id. Plaintiff's objection in this regard is without merit.

Plaintiff maintains Harrison contradicted himself and lied in the disciplinary hearing. As the Magistrate Judge concluded, Plaintiff had an adequate state procedural remedy to challenge the allegedly false disciplinary case. Collins v. King, 743 F.2d 248, 253-54 (5th Cir. 1984). Even if the disciplinary hearing officer erred by believing Harrison rather than Plaintiff, this does not amount to a constitutional violation. *See* McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983). Plaintiff's objections are without merit.

Defendants also object to the Report, asserting the recommendation of dismissal should be with prejudice rather than without prejudice. As a general rule, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim tests only the formal sufficiency of the statements of claims for relief and is not a procedure for resolving contests about the facts or merits of the case. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In light of this principle, and given Plaintiff's *pro se* status, the Court has determined dismissal without prejudice is appropriate. It is accordingly

**ORDERED** the parties' objections are **OVERRULED** and the Report of the Magistrate Judge (docket no. 30) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the motions to dismiss filed by the Defendants Captain Jacob Harrison (docket no. 15) and Brad Livingston (docket no. 19) are **GRANTED** and the Plaintiff's claims against these Defendants are **DISMISSE**D without prejudice. It is further

**ORDERED** the Plaintiff's claims against Warden Dawn Merchant are **DISMISSED** without prejudice. The dismissal of these claims and parties shall have no effect upon the remaining claims and parties in the case.

**SIGNED this 7th day of June, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE